# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY DUANE ROBINSON,

                        Plaintiff,

v.

                        Case No. 19-CV-812-JPS

EARNELL LUCAS,

                        **ORDER**

                        Defendant.

        Plaintiff Anthony Duane Robinson proceeds in this matter *pro se*. He filed a complaint alleging that Defendant violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $20.92. 28 U.S.C. § 1915(b).

        The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Plaintiff alleges that while he was incarcerated in the Milwaukee County Jail in May 2019, he was denied clean clothing for twenty-one days. (Docket #1 at 2–4). These allegations invoke Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.[1] In particular, prisoners have a right to certain necessities of life, such as "clothing, sanitation, and hygienic materials." *Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503 (7th Cir. 2016). Whether a particular deprivation violates the Eighth Amendment depends in large measure on its duration. *Id.* at 504. Though the Court will allow Plaintiff to proceed on this claim, Defendant is free to

---

[1] Plaintiff states that he was in the Jail after being sentenced, (Docket #2), so the appropriate source of his rights is the Eighth rather than Fourteenth Amendment.

argue that the deprivation was not long enough to become one of constitutional magnitude.²

Additionally, Defendant, the Milwaukee County Sheriff, may not be the correct defendant in this matter. Only those officials who are directly responsible for a constitutional violation may be sued under Section 1983. *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010). However, Plaintiff's allegations are not clear as to who should ultimately be held responsible for the clothing issue. Thus, the Court will serve Defendant with the complaint, and he may move to have a different defendant substituted into the case if that is appropriate.

Finally, the Court notes that Plaintiff requests three items for relief: $5,500, "paid counseling," and "time served." The first item, monetary damages, is acceptable in a Section 1983 lawsuit. The second item, injunctive relief, is also cognizable, though Plaintiff is far less likely to receive it than a simple monetary payment. The final item seeks to challenge the fact or duration of Plaintiff's confinement. That is solely a matter for habeas corpus relief pursuant to 28 U.S.C. § 2254, which cannot be combined into a Section 1983 lawsuit. In any event, being made to wear dirty clothes would not entitle Plaintiff to have his convictions or sentence vacated. The Court will, therefore, dismiss the claim for "time served."

---

²The Court also questions whether Plaintiff could have exhausted his administrative remedies before bringing this lawsuit, as required by the Prison Litigation Reform Act. This action was filed on May 30, 2019, just six days after Plaintiff says he was given clean clothes. If Plaintiff did not exhaust his administrative remedies for this claim before filing this case, the Court will be forced to dismiss the action. Plaintiff should, therefore, consider whether he exhausted his administrative remedies, and if he has not, then he should request leave to dismiss this action without prejudice so that he can complete the administrative process.

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): cruel and unusual punishment, in violation of the Eighth Amendment, for being forced to wear dirty clothes for twenty-one continuous days.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of Plaintiff's complaint and this Order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, Defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge