UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY ROBINSON,

    Plaintiff,

  v.            Case No. 19-cv-812

TERRELL WILLIAMS,

    Defendant.

## ORDER

  On June 3, 2020, the court granted the defendant's motion to depose the plaintiff remotely by video-conference. ECF No. 38. The court found good cause for the remote deposition in light of the on-going COVID-19 pandemic. *Id*. About a week later, on June 10, 2020, the defendant mailed the plaintiff a notice of deposition telling him that he would be deposed on June 29, 2020 at 1:00 p.m. ECF No. 40-1. The defendant also mailed a copy of the documents that he would use as exhibits during the deposition. ECF No. 40-2.

  The defendant, defense counsel, and a court reporter appeared virtually to take the plaintiff's deposition at the noticed date and time. ECF No. 39, ¶ 5. The plaintiff appeared virtually as well but refused to answer questions or go forward with the deposition unless the court "ordered" him to do so. *Id*., ¶ 6. Defense counsel told the plaintiff that the court had already given permission for a remote deposition, but the plaintiff repeated that he wanted the court to "order" him to participate in the deposition. *Id*., ¶ 7. The plaintiff then left. *Id*.

  On July 21, 2020, the defendant filed a motion to compel plaintiff's deposition; motion for plaintiff to pay costs; motion for an extension of the discovery deadline to accommodate plaintiff's deposition and to extend dispositive motion deadline; and motion for sanctions ECF No. 39. The defendant asks the court to order the plaintiff to sit for a remote deposition. *Id*. He asks for "reasonable costs" for the court reporter who submitted an invoice of $355.00. *Id.; see also* ECF No. 40-4. The defendant asks for an extension the discovery and dispositive motions deadline to

accommodate the deposition. ECF No. 42 at 2. And the defendant mentions sanctions and attorney's fees (without a specific dollar amount request). ECF. Nos. 39 and 42. On September 15, 2020, the defendant filed a "renewed" motion for all of the above. ECF No. 46.

The plaintiff did not respond to the defendant's motion. As a result, the court does not know why the plaintiff refused to participate in the remote deposition. It's unclear whether the plaintiff did not want to participate in a deposition generally or whether he did not want to participate in a *remote* deposition. The court also has no information on the plaintiff's financial situation with respect to the defendant's request for costs, sanctions, and attorney's fees. Nor does the court know whether the plaintiff still seeks to prosecute this case.

The general rule in this district is,

> "[f]ailure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion. The Court also may impose sanctions under General L. R. 83."

Civ. L. R. 7(d)(E.D. Wis.). Moreover, the court agrees that the defendant has a right to depose the plaintiff and it already gave the defendant permission to do so. *See* ECF No. 13 at 2-3; *see also* ECF No. 38. The plaintiff chose to file this lawsuit; he accused the defendant of various constitutional violations. The defendant, therefore, has a right to ask the plaintiff questions to clarify the allegations and/or get a detailed explanation of the plaintiff's side of the story. Given that the pandemic is still on-going, a remote deposition is still appropriate. Therefore, the court will grant the defendant's motion to compel the plaintiff to participate in a remote deposition. If the plaintiff still wants to prosecute this case, he must participate in a remote deposition. His refusal to do so will likely result in dismissal of this case with prejudice. The plaintiff can also voluntarily dismiss this case if he does not want to sit for a deposition.

The court will extend the discovery and dispositive motion deadlines to accommodate the deposition.

Finally, the court will deny without prejudice the remainder of the motion. Given that the plaintiff is *pro se*, the court is unwilling to impose costs, sanctions, and attorney's fees without further briefing and input from the plaintiff. If the plaintiff insists on pursuing this case but still

2

Case 2:19-cv-00812-BHL-WED   Filed 09/24/20   Page 2 of 3   Document 47

refuses to sit for a properly noticed deposition, the defendant may renew the request. For the reasons stated,

**IT IS ORDERED** that the defendant's motion to compel plaintiff's deposition; motion for plaintiff to pay costs; and motion for an extension of discovery deadline to accommodate plaintiff's deposition and to extend dispositive motion deadline (ECF No. 39) is **GRANTED in part** and **DENIED in part**. The motion to compel and motion to extend deadlines is **GRANTED**. The remainder of the motion is **DENIED** without prejudice.

**IT IS ORDERED** that the plaintiff must participate in a remote deposition if he wants to continue prosecuting this case. The plaintiff's refusal to do so will likely result in dismissal of this case with prejudice. The plaintiff can also voluntarily dismiss this case if he does not want to sit for a deposition.

**IT IS ORDERED** that the discovery deadline is extended to **November 30, 2020**; and the dispositive motions deadline is extended to **December 30, 2020**.

**IT IS ORDERED** that the defendant's renewed motion (ECF No. 46) is **DENIED** as moot.

Dated at Milwaukee, Wisconsin this 24th day of September, 2020.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge